JOHNSTON v. ROSS et al.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

CONVERSION—NECESSITY OF DEMAND.

One who wrongfully prevents an owner of store fixtures from removing them is not entitled to have the owner demand them before suing for conversion.

Appeal from trial term.

Action by J. Caldwell Johnston against Roderick Ross and Isabella Ross. From a judgment and an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY. JJ.

I. J. Beaudrias, for appellants.
Louis H. Dickerson, for respondent.

GOODRICH, P. J. It is somewhat difficult to ascertain from the complaint what the nature of the action is. The plaintiff alleges that in January, 1893, he purchased a "grocery store, stock, and all the fixtures therein," from Mrs. McCourt, for $250, paying $150 in cash, and leaving a balance of $100 due her, and that he went into possession thereof; that in October he removed from the premises, took out his groceries, and attempted to take out the fixtures, but was prevented by the defendants, who claimed to be the owners thereof; that Mrs. McCourt's assignee sued him for the balance of the price, and recovered a judgment for $232; that he was subjected to legal expenses in the defense of such action, and was compelled to purchase new fixtures for another store, to his damage $500. The action, however, was tried, apparently, as an action for conversion of the fixtures. The jury rendered a verdict for $250, and from the judgment entered thereon the defendants appeal.

The plaintiff testified that the value of the fixtures was $125, while the defendants produced evidence to show that it is about $75. There was no evidence as to the recovery of a judgment by

Mrs. McCourt against the plaintiff, nor of any expenses connected therewith.    If the action is for conversion of the fixtures ·alone,— and such it seems to be, as the trial was upon that theory,—there was no evidence to support a verdict for $250, and it is, in any view, excessive.

The defendants contend that there was no demand made upon them for the property after the plaintiff moved out of the store. This was unnecessary, as the plaintiff was prevented from removing the goods by one or both of the defendants.    There was evidence tending to show that Mr. Ross had sold the fixtures to Mrs. McCourt some time previously, and that he claimed to be the owner of them, and forbade their removal.    There is also evidence that Mrs. Ross forbade the removal, but there is not sufficient evidence to warrant a verdict against her, as it was her husband that claimed the ownership, and it may be assumed that she was acting in his interest in forbidding the removal of the property.

The judgment against Mrs. Ross must be reversed, and a new trial granted.    The judgment against Mr. Ross must be reversed, and a new trial granted, unless the plaintiff stipulate to reduce the recovery of damages to $125, in which case the judgment is affirmed, without costs of this appeal to either party.    All concur.